```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
FELIPE CHAIREZ,

                Plaintiff,              Docket No. _____

         --against—                     COMPLAINT

LOCAL UNION 376 OF DISTRICT COUNCIL
37 OF THE AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES,

                Defendant
- - - - - - - - - - - - - - - - - -x
```

Plaintiff, by his attorney, the Law Office of Roland R. Acevedo, as and for his Complaint against defendant, alleges as follows:

### Nature of Action

1. This is a civil action arising under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, in which plaintiff alleges that Local Union 376 of District Council 37 of the American Federation of State, County and Municipal Employees ("Local Union 376") breached its duty of fair representation to plaintiff.

### Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 185(a), which provides for federal jurisdiction over claims arising from violations of collective bargaining agreements. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district because defendant Local Union 376 maintains its principal office in the Southern District of New York and represents union members in this district.

## Parties

4. Defendant Local Union 376 is a labor organization that represents employees in an industry affecting commerce within the meaning of 29 U.S.C. §§ 142, 152(5) and 185(a). Defendant is one of many local unions that are part of District Council 37, the American Federation of State, County and Municipal Employees ("AFSCME"). Local Union 376 represents, among others, New York City Construction Laborers, Highway Repairers and Watershed Maintainers.

5. At all relevant times herein, plaintiff Felipe Chairez ("Chairez") was an employee of the New York City Department of Environmental Protection ("DEP"), and a member of Local Union 376. Plaintiff is Hispanic and of Mexican descent.

## Statement of Facts

6. Plaintiff was employed fulltime as a Construction Laborer for DEP for approximately 18-years. During 2018, plaintiff possessed a commercial driver's license and drove a truck as part of his laborer duties for DEP. During his employment with DEP, plaintiff was an exemplary employee.

2

7. The conditions and terms of plaintiff's employment with DEP were governed by a collective bargaining agreement between DEP and Local Union 376. Under the terms of the collective bargaining agreement, Local Union 376 was the exclusive bargaining agent and representative for all DEP Construction Laborers, including plaintiff.

8. In addition to working fulltime for DEP, plaintiff also had a part time job driving a commercial garbage truck for another company located in the Bronx. Plaintiff's second job had no connection to DEP or Local Union 376.

9. On August 10, 2018, at approximately 4:40 p.m., plaintiff was driving a garbage truck in Manhattan near Central Park for his second job. A tourist, who was riding a bicycle in the bicycle lane, swerved to avoid an Uber driver who was pulling out of the bicycle lane and collided with the rear of the garbage truck that plaintiff was driving. The tourist, who was not wearing a helmet, sustained fatal injuries and passed away.

10. Because of the fatality, plaintiff was given a sobriety test at the scene of the accident. Plaintiff, who consumed two beers with his lunch approximately one hour before the accident, was arrested and charged with Operating a Motor Vehicle While Under the Influence of Alcohol.

11. On August 11, 2018, plaintiff was arraigned and the Criminal Court suspended his commercial driver's license because of the DWI charge.

12.  On August 13, 2018, the DEP suspended plaintiff without pay from his position as a Construction Laborer because he did not possess a valid New York State commercial driver's license. The suspension letter that plaintiff received from DEP stated the following: "You are directed to report to Lefrak at a time to be announced, to resolve this matter." The DEP never contacted plaintiff and told him when to appear at its office located in Lefrak City in Queens.

13. When plaintiff was suspended from his DEP job without pay, his family plan health insurance was terminated. Plaintiff has four children, one of which has a serious congenital heart defect that has required multiple surgeries and ongoing medical treatment. Without health insurance, the child would not be able to obtain the ongoing treatment that he required.  Plaintiff is the sole wager-earner in his family, and he could not afford the high cost of COBRA to continue his family's health insurance.

14.  After receiving the suspension letter from DEP, plaintiff called his union shop steward and told him that he wanted to file a grievance because he was suspended for a non-work-related incident. The shop steward told plaintiff to call Gene DeMartino, President of Local Union 376.

15. Plaintiff called DeMartino on or about August 14, 2018 to complain about his suspension. DeMartino told plaintiff that he could not work because he did not have a valid commercial driver's license. Plaintiff told DeMartino that each DEP truck had three laborers assigned to it, and only one individual drove the truck while the other two individuals engaged in manual labor. Plaintiff asked to be assigned to a truck as manual laborer and told DeMartino that he did not have to drive the vehicle. Plaintiff also said that he was willing to be assigned to work in one of DEP's construction yards. DeMartino said that he would look into the issue and get back to plaintiff.

16. On or about August 16, 2018, plaintiff had another telephone conversation with DeMartino. DeMartino told plaintiff that he could not work because he was required to have a valid commercial driver's license to work as a Construction Laborer. Plaintiff disputed DeMartino's claim and informed him that another DEP Construction Laborer Apprentice, Joseph Russello, was allowed to work in one of DEP's yards for nine months after his driver's license was suspended for allegedly Driving While Intoxicated. Plaintiff also told DeMartino that Russello was the nephew of a DEP manager. Upon information and belief, Russello is a Caucasian Italian-American.

17. DeMartino told plaintiff that despite the work situation involving Russello, plaintiff could not work without

5

having a valid commercial driver's license. Plaintiff objected and told DeMartino that he wanted to file a grievance.

18. Between August 16th and August 21, 2018, plaintiff spoke with DeMartino on numerous occasions and asked him to file a grievance on his behalf. DeMartino told plaintiff on August 21, 2018 that the Union was not going to file a grievance on his behalf because the Russello situation was a mistake.

19. Under the terms of the collective bargaining agreement between Local Union 376 and DEP, plaintiff had the right to file a grievance regarding DEP's refusal to allow him to work in a position that did not require driving a commercial vehicle.

### As and For a First Cause of Action
(Breach of Duty of Fair Representation)

20. Plaintiff repeats and realleges the allegations in paragraphs 1-19 as though set forth fully herein.

21. At all relevant times herein, Local Union 376 owed plaintiff, a union member in good standing, a duty of fair representation. This duty required the Union to serve the interests of all members, including plaintiff, without any hostility or discrimination, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.

22. Local Union 376 breached it duty of fair representation to plaintiff by failing to process his grievance and failing to defend plaintiff against conduct that violated the collective bargaining agreement. The Union failed to contest plaintiff's

suspension without pay and refused to assist plaintiff with securing another position at DEP that did not require a valid commercial driver's license.

23. Local Union 376's actions were arbitrary, discriminatory and/or in bad faith because the Union previously assisted a Caucasian union member, Joseph Russello, in securing an alternate position with DEP when his driver's license was suspended. Upon information and belief, Russello was an Apprentice and had less seniority and contractual protections than plaintiff.

24. The Union's wrongful conduct resulted in plaintiff's continued suspension without pay from his position at DEP. The Union's actions also resulted in the termination of plaintiff's family health insurance, which left his seriously ill son without medical insurance.

25. The Union's breach of its duty of fair representation is the proximate cause of plaintiff's harm and damages.

26. Plaintiff has been harmed and damaged in an amount presently unknown and to be determined at trial, but said damages include lost wages and benefits.

27. Plaintiff also seeks specific performance to require the Union to file a grievance on his behalf and to represent him in connection with any grievance proceedings.

WHEREFORE, plaintiff prays for a judgment against defendant as follows:

a. awarding plaintiff compensatory and consequential damages in an amount to be determined at trial;

b. awarding plaintiff, if and as allowed by law, punitive damages;

c. directing defendant to file a grievance on behalf of plaintiff and to represent him in connection with any grievance proceedings;

d. awarding plaintiff reasonable attorney's fees and costs and disbursements;

e. granting plaintiff such other, different and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
       February 12, 2019

_____/s/_____
Roland R. Acevedo (RA 8915)
Law Office of Roland R. Acevedo
27 Whitehall St, 5th fl.
New York, New York 10004
(212) 658-1970 (office)
(917) 670-1777 (cell)
(646) 503-5910 (fax)
Legal@Rracevedolaw.com